## Ephram Vaughan, Appellee, v. Illinois Central Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

### Statement of the Case.

Action by Ephram Vaughan, plaintiff, against the Illinois Central Railroad Company, a corporation, defendant, for damages for personal injuries sustained while riding to work on the defendant's train. From a judgment for plaintiff, defendant appeals.

FRANK M. HARBAUGH, EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR. and JOHN E. JENNINGS, for appellant; JOHN G. DRENNAN, of counsel.

E. J. MILLER and C. R. PATTERSON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 200*—*when instruction on measure of is erroneous.* An instruction, in a personal injury action, authorizing the jury to return a verdict for the whole amount of damages shown by the evidence to have been suffered by the plaintiff, *held* erroneous in not directing them to allow the defendant credit for an amount which the plaintiff admitted had been paid to him by the defendant for lost time.

2. INSTRUCTIONS, § 118*—*when should not be given.* Instructions not based on the evidence should not be given.

3. DAMAGES, § 207*—*when instruction on is erroneous.* Where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

damages are susceptible of exact measurement and proof, such as those for loss of time and inability to pursue a former occupation, it is error to charge the jury that they may be estimated from observation and experience.

4. RELEASE, § 26*—*when fraud in obtaining is question for jury.* Where the defendant in a personal injury action claimed that the plaintiff had executed a release of his claim, *held* that the question whether such release had been obtained by fraud or circumvention was for the jury.